IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **RICARDO LEE JONES,** | ) | CASE NO. 7:15CV00338 |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| **GEORGE HINKLE, ET AL.,** | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| **Defendant(s).** | ) | |

This matter is before the court upon defendants' motion for summary judgment, filed November 9, 2015. On November 10, 2015, the court mailed a notice advising Mr. Jones that the court would give him 21 days to submit any further counter-affidavits or other relevant evidence contradicting, explaining or avoiding defendants' evidence before ruling on defendants' motion. The notice warned Mr. Jones:

> If Plaintiff does not respond to Defendant[s'] pleadings, the Court will assume that Plaintiff has lost interest in the case, and/or that Plaintiff agrees with what the Defendant[s] state[ ] in their responsive pleading(s). If Plaintiff wishes to continue with the case, it is necessary that Plaintiff respond in an appropriate fashion. Plaintiff may wish to respond with counter-affidavits or other additional evidence as outlined above. However, if Plaintiff does not file some response within the twenty-one (21) day period, the Court may dismiss the case for failure to prosecute.

(Notice, ECF No. 18) (emphasis in original.)

Since mailing the notice to Mr. Jones, the court has received no further communication from him about this case, and the deadline for his response to defendants' motion has passed. Accordingly, the court finds that, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, Mr. Jones has failed to prosecute this action. See gen. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989).

The court having duly notified the parties that Mr. Jones' failure to respond to defendants' dispositive motion would be interpreted as failure to prosecute and would be cause for dismissal of the action without prejudice, the court must now dismiss the case. An appropriate order will enter this day.

Mr. Jones is advised that if he intends to proceed with this action, he must petition the court within 30 of the entry of this order for a reinstatement of this action. Any motion for reinstatement should provide specific explanation for Mr. Jones' failure to respond in a timely fashion to defendants' dispositive motion.

The Clerk is directed to send a copy of this order to the plaintiff and to counsel of record for the defendants.

**ENTER:** This 30th day of December, 2015.

>   */s/  Glen E. Conrad*
>   Chief United States District Judge